STATE OF NORTH CAROLINA v. JAMES CURTIS DARDEN

No. 46A87

(Filed 6 October 1988)

**1. Criminal Law § 135.4— capital case—denial of mistrial at sentencing phase— life sentence—absence of prejudice**

Defendant could not have been prejudiced by the trial court's failure to grant a motion for mistrial directed only to the sentencing phase of a first degree murder case since defendant could have been sentenced only to death or life imprisonment, and defendant received the less severe sentence of life imprisonment.

**2. Criminal Law § 86.5— cross-examination of defendant—prior violent conduct— door opened—discretion of court**

When defendant testified that he had not robbed or injured the victim "or anyone else," he opened the door to cross-examination about specific instances of prior violent conduct designed to rebut this assertion. Moreover, the accuracy of defendant's assertion that he had not injured anyone else was probative of his truthfulness or untruthfulness, and the trial court could, in its discretion, allow cross-examination regarding the assertion. N.C.G.S. § 8C-1, Rule 608(b) (1986).

APPEAL of right by defendant pursuant to N.C.G.S. § 7A-27 (a) (1987) from a judgment entered by *Pope, J.*, on 10 October 1986 in Superior Court, WAYNE County, imposing a life sentence upon defendant's conviction of first degree murder. On 31 December 1987 we allowed defendant's petition to bypass the Court of Appeals as to a judgment imposing a forty year sentence of imprisonment upon defendant's conviction for armed robbery. Heard in the Supreme Court 13 September 1988.

*Lacy H. Thornburg, Attorney General, by Elizabeth G. Mc-Crodden, Associate Attorney General, for the State.*

*Geoffrey C. Mangum for defendant-appellant.*

WHICHARD, Justice.

A detailed recitation of the facts is unnecessary to the resolution of the issues presented in this appeal. Defendant was charged with first degree murder and armed robbery. The State's evidence tended to establish that on the night of 13-14 August 1985 defendant entered a store in Wayne County, inflicted stab wounds on an employee resulting in the employee's death, and

stole several hundred dollars in currency and coins. Defendant offered evidence tending to implicate another as the perpetrator of the crimes charged.

In a capital trial the jury returned a verdict of guilty on the first degree murder charge and recommended a sentence of life imprisonment. The trial court sentenced defendant accordingly. The jury also found defendant guilty of armed robbery. The trial court sentenced defendant to forty years imprisonment on the armed robbery charge, to run consecutively to the life sentence entered on the first degree murder conviction. We find no error.

Defendant first contends that the trial court erred in denying his motion for a mistrial based on the denial of his right to an impartial jury. The factual basis for the motion was defendant's assertion that following the guilt phase of the trial, he discovered that a juror had known him in the past and had been aware that he previously had killed a man whom the juror had known.

The record does not contain a motion for mistrial. However, the order from which defendant appeals denies "the defendant's motion for a mistrial." It also recites that "[t]he defendant is moving for a mistrial *in the sentencing phase of this trial*." (Emphasis added.) Defendant does not except to this recitation. Further, statements of defense counsel at a voir dire hearing, which occurred between the guilt and sentencing phases of the trial, support the recitation that any motion for mistrial was directed only to the sentencing phase. At the commencement of the voir dire hearing, one of defendant's attorneys stated that "the State intends to put on evidence *in this sentencing trial* showing that the defendant was convicted of involuntary manslaughter on the death of Thurman Blackmon." (Emphasis added.) Defendant's other attorney stated that this "is a very important aggravating circumstance," obviously referring to the "prior violent felony" aggravating circumstance, N.C.G.S. § 15A-2000(e)(3) (1983), which could have served as a basis for a sentence of death. N.C.G.S. § 15A-2000(c)(1) (1983). At the conclusion of the voir dire hearing, one of defendant's attorneys argued:

> [H]e [the juror] would already have a preconceived notion about at least the sentencing phase if he didn't have it in the first phase but at least now he would, he would have it . . . in the sentencing phase and very well may impart that to

other jury members. We are going to be arguing very strenu-ously that . . . this first conviction [defendant's prior con-viction for involuntary manslaughter] is the result of an unintentional act . . ., and he very well may think otherwise and we feel it [is] just . . . a logical, everyday conclusion. I mean that he [the juror] would have to know something about the events surrounding the death of Thurman Blackmon.

. . . .

. . . I don't think there is any other conclusion but that he . . . should not be allowed to participate *in a sentencing hearing* against a man in a capital case . . . that he already had knowledge of the circumstances surrounding his previous conviction.

. . . .

. . . [W]e are serious about the motion . . . and we feel that there is . . . too much prejudice from [the juror] for him *to be able to pass on the death or life of* [the defendant].

(Emphasis added.)

[1]  Upon defendant's conviction of first degree murder, he could only be sentenced to death or life imprisonment. N.C.G.S. §§ 14-1.1 (1986); 15A-2000 (1983). He received a life sentence, the less severe of the permissible options. He thus could not have been prejudiced by the failure to grant a motion for mistrial directed only to the sentencing phase. These assignments of error are therefore overruled.

[2]  Defendant further contends that the trial court erred in allowing the State to cross-examine him about specific instances of prior violent conduct. Defendant had testified on direct ex-amination:

Q. . . . . [d]id you rob or injure [the victim] in any way?

A. I have not robbed or injured [the victim] *or anyone else.*

(Emphasis added.) The State was then allowed, over objection, to cross-examine defendant regarding the statement that he had not injured "anyone else." This produced evidence of prior instances

of violent conduct on the part of defendant that resulted in injury to others.

By testifying that he had not robbed or injured the victim *or anyone else*, defendant "opened the door" to cross-examination designed to rebut his assertion. *State v. Bullard*, 312 N.C. 129, 158, 322 S.E. 2d 370, 386 (1984). "Evidence which might not otherwise be admissible against a defendant may become admissible to explain *or rebut* other evidence put in by the defendant himself." *State v. Small*, 301 N.C. 407, 436, 272 S.E. 2d 128, 145-46 (1980) (emphasis added). The accuracy of defendant's assertion that he had not injured anyone else was probative of his truthfulness or untruthfulness, and the trial court thus could, in its discretion, allow cross-examination regarding the assertion. N.C.G.S. § 8C-1, Rule 608(b) (1986). We find no abuse of discretion in the cross-examination allowed. We likewise find no abuse of discretion in the refusal to prohibit the cross-examination on the ground that the probative value of the evidence produced thereby was outweighed by the danger of unfair prejudice. N.C.G.S. § 8C-1, Rule 403 (1986); *State v. Mason*, 315 N.C. 724, 731, 340 S.E. 2d 430, 435 (1986).

No error.